IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY ALLEN BAHR,

                Plaintiff,                               OPINION and ORDER

      v.                                                    14-cv-521-wmc

LYNNAE M. MAHANEY, *et al.*,

                Defendants.

---

    Plaintiff Gregory Allen Bahr has filed this proposed civil action in which he contends that three employees at the local Veterans Administration ("VA") Hospital denied him needed medication. Because Bahr seeks leave to proceed without prepayment of fees and costs, the court must screen the proposed complaint and dismiss any portion that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addressing any *pro se* litigant's complaint, the court must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, Bahr's request for leave to proceed must be denied because he does not provide sufficient facts to support a recognizable claim.

OPINION

Bahr's complaint contains very few allegations. He alleges that defendants Lynnae Mahaney, Kay Walker and Andrew Wilcox were "deliberately indifferent" to his "serious medical needs" because they denied him medication, or directed staff at the VA Hospital to deny him medication, needed to treat his medical or psychiatric condition.

Liberally construed, Bahr is contending that the defendants committed medical malpractice by denying him treatment. His claim is actionable, if at all, under the Federal Tort Claims Act ("FTCA"), which makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee. 28 U.S.C. § 2674. Individual government employees are not liable under the FTCA, however, so Bahr cannot proceed against Mahaney, Wilcox or Walker. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). The only appropriate defendant in an FTCA claim is the United States. *Id.*

Even assuming that Bahr is intending to sue the United States, Bahr's complaint must be dismissed because it violates Rule 8 of the Federal Rules of Civil Procedure. Under that Rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Bahr's threadbare complaint does not provide the United States with fair notice of the grounds for his claims and does not support an inference that he is entitled to relief. Bahr provides no details about his medical condition or the treatment that was requested, but

denied by Mahaney, Wilcox or Walker. The lack of detail requires dismissal of Bahr's complaint without prejudice, meaning that he could still file an amended complaint that includes more information about his claim.

If Bahr chooses to file an amended complaint, however, he should draft it as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist them in relation to those events. He should specifically describe his medical conditions, who diagnosed the conditions and prescribed the treatment or medications to address it, and why he believes Mahaney, Walker and Wilcox denied him access to that treatment. Bahr should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his complaint, he should review the complaint and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Even if Bahr is able to file an amended complaint that contains sufficient detail to comply with Rule 8 of the Federal Rules of Civil Procedure, he should also be aware that he cannot maintain a claim against the United States under the FTCA unless he has presented an administrative claim to the appropriate federal agency and given the agency an opportunity to investigate and act on that claim. 28 U.S.C. § 2675(a); *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) ("Tort Claims Act requires exhaustion of administrative remedies as a prerequisite to suit."). In this case, the appropriate federal agency is the Veterans Administration. This lawsuit would be subject to immediate dismissal

upon a motion by the United States if he has not yet filed an administrative claim with the Veterans Administration concerning the claims he is attempting to bring in this lawsuit.

If Bahr submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915(e)(2)(b). If he does not provide an amended complaint that fixes the problems identified in this order by July 20, 2015, the court will close this case without further notice.

ORDER

IT IS ORDERED that:

(1) Plaintiff Gregory Allen Bahr's request for leave to proceed is DENIED and his complaint is DISMISSED for failure to state a claim under Fed. R. Civ. P. 8(a).

(2) To proceed, plaintiff must file an amended complaint **by July 20, 2015**, that complies with the instructions provided in this order.

(3) If plaintiff submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915(e)(2)(b). **If plaintiff fails to submit an amended complaint as directed, then this case will be closed without further notice.**

Entered this 18th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge